UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LONNIE D. BAKER, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 4:19-cv-00238-JMS-DML |
| | ) | |
| AISIN HOLDINGS OF AMERICA, INC., AISIN USA MFG., INC., and NATHAN LANG, | ) ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

*Pro se* Plaintiff Lonnie Baker was employed by Defendant Aisin USA Mfg., Inc. ("Aisin") when he applied for and received leave under the Family and Medical Leave Act of 1993 ("FMLA"). Subsequently, Mr. Baker was terminated after being in jail for three days during a period in which he alleges he had been approved for FMLA leave. Mr. Baker initiated this lawsuit, alleging interference and retaliation claims against Aisin and Defendant Nathan Lang, Mr. Baker's supervisor at Aisin, under the FMLA. [Filing No. 1.] Aisin and Mr. Lang have filed a Motion to Dismiss, which is now ripe for the Court's ruling. [Filing No. 24.]

**I.**
**STANDARD OF REVIEW**

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635

1

F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following are the factual allegations set forth in the Third Amended Complaint – the operative complaint in this case – which the Court must accept as true at this time.

**A. Mr. Baker's FMLA Leave**

Mr. Baker began working at Aisin in February 2015 as a Set-Up Resisting Welder Operator. [Filing No. 19 at 4.] Around July 5, 2016, Mr. Baker sought treatment for symptoms of anxiety, depression, and bipolar disorder that impaired his daily functioning. [Filing No. 19 at 4.] Mr. Baker continued working at Aisin and in September 2016 he applied for and received up to 12 weeks of continuous FMLA medical leave – from mid-September through mid-December 2016. [Filing No. 19 at 4-5.] Mr. Baker attended doctor's appointments on September 23, 2016, October 5, 2016, and October 28, 2016. [Filing No. 19 at 4-5.] After his final appointment, Mr. Baker received by mail a medical certification update request from Aisin dated October 25, 2016, which was to be completed by November 14, 2016. [Filing No. 19 at 6.] This was the only medical certification or recertification request Mr. Baker received. [Filing No. 19 at 6.]

2

Mr. Baker at all times tried to communicate with Mr. Lang by email or telephone regarding FMLA issues, but was never able to reach him. [Filing No. 19 at 6.] When these efforts were unsuccessful, Mr. Baker went to Aisin's Human Resources Department to speak directly with Mr. Lang. [Filing No. 19 at 6.] Mr. Baker always provided Mr. Lang with a doctor's note for "coverage and protections," to be sure he had documentation for his leave. [Filing No. 19 at 6.] In late October or early November 2016, Mr. Baker met with Mr. Lang and provided a doctor's note supporting his FMLA leave through November 7, 2016 for "major anxiety and depression." [Filing No. 19 at 6.] The note stated that Mr. Baker could return to work without any additional certifications. [Filing No. 19 at 6.] Mr. Baker notified Mr. Lang verbally, in person, that he intended to return to work on November 8, 2016, barring any complications from his health condition, but that if he was unable to do so, he would be out for the remainder of his FMLA leave until mid-December 2016. [Filing No. 19 at 7.] Mr. Baker was concerned that he would be a safety risk at work due to recent increases in his medication, which can take 6-8 weeks to improve symptoms. [Filing 19 at 16.] Mr. Baker's doctor agreed to refer Mr. Baker to a mental health specialist if he was unable to return to work on November 8, 2016, as planned. [Filing No. 19 at 6-7.] Mr. Baker's doctor filled out the initial medical certification, which Mr. Lang could access either directly or through Aisin's FMLA task contractor. [Filing No. 19 at 7.] No additional recertification request was sent to clarify any doubts about Mr. Baker's medical status. [Filing No. 19 at 7.]

**B. Mr. Baker's Arrest and Termination**

On November 5, 2016, Mr. Baker was "falsely arrested" on charges that were eventually dismissed. [Filing No. 19 at 8.] Mr. Baker remained in custody from November 8 to November 10, 2016, which included the day he was scheduled to possibly return from FMLA medical leave.

3

[Filing No. 19 at 8.] Mr. Baker's girlfriend notified Mr. Lang on those days that he would not be at work, and would need to take the rest of his FMLA leave due to his ongoing mental health condition. [Filing No. 19 at 7.] Mr. Baker's girlfriend also explained to Mr. Lang why Mr. Baker did not call Mr. Lang himself. [Filing No. 19 at 7-8.] Mr. Lang told Mr. Baker's girlfriend that Mr. Baker "would still have his job," and "to keep [Mr. Lang] posted." [Filing No. 19 at 8.] A few days later, Mr. Baker was terminated for voluntary job abandonment by letter dated November 10, 2016, which Mr. Baker received on November 14, 2016. [Filing No. 19 at 7-8.]

### C. Mr. Baker's Efforts to Get His Job Back

Mr. Baker contacted Mr. Lang in December 2016, desperate to regain his job so that he could pay his mortgage. [Filing No. 19 at 8.] Mr. Lang refused to rehire him, but advised him that he could reapply in 180 days. [Filing No. 19 at 8.] In late May or early June 2017, Mr. Baker met with Mr. Lang, who again refused to rehire Mr. Baker because he had "failed to keep in contact [with Mr. Lang] on FMLA and go through the employment agencies…." [Filing No. 19 at 8.]. Mr. Lang told Mr. Baker that he would consider rehiring him in 90 days. [Filing No. 19 at 8.] Aisin never rehired Mr. Baker and, in early July 2018, Mr. Baker lost his home valued at $110,000 due to foreclosure. [Filing No. 19 at 9.]

### D. Mr. Baker's Difficulties Obtaining FMLA Documents

Prior to initiating this lawsuit against Aisin and Mr. Lang, in April and October of 2018, Mr. Baker requested some documents by phone and email from Aisin's "third-party administrator" for FMLA matters. [Filing No. 19 at 18.] In early April 2018, Mr. Baker filed an informal complaint with Aisin's administration claiming that he was wrongfully terminated, but the complaint was "to no avail." [Filing No. 19 at 18.] In July and August of 2018, Mr. Baker

exchanged several emails and a few letters with Aisin's counsel regarding the FMLA and his belief that he was wrongfully terminated, also "to no avail."  [Filing No. 19 at 18.]

### E.  Mr. Baker's Lawsuit

Mr. Baker initiated this litigation in November 2019, [Filing No. 1], and filed the operative Third Amended Complaint on March 6, 2020, [Filing No. 19].  He alleges that Aisin and Mr. Lang: (1) interfered with his FMLA leave by firing him for absences attributable to his serious medical condition and preventing him from using his five weeks of remaining FMLA leave (Count 1); (2) retaliated and/or discriminated against him for taking FMLA leave by firing him under the pretext of his arrest and denying him the opportunity to update his medical certification (Count 2); (3) interfered with his FMLA leave or retaliated against him by disciplining and terminating him for requesting leave when he gave adequate notice for the entitlement, denying him the opportunity to provide recertification prior to his termination, and terminating him when he was unable to personally call in to report absences on November 8-10, 2016 even though the circumstances justified non-compliance with routine employer policies (Count 3); (4) willfully interfered with his FMLA leave and discriminated or retaliated against him for using FMLA leave by failing to rehire him (Count 4); and (5) willfully interfered and discriminated or retaliated against him by denying him access to FMLA documents, medical records, and employee/employer policy handbooks; destroying, delaying, or limiting material evidence in violation of Federal Rules of Civil Procedure 26 and 37; and denying access to the courts in violation of the First and Fourteenth Amendments (Count 5).[1]

---

[1] Mr. Baker's Third Amended Complaint is twenty-one pages and is repetitive and, oftentimes, rambling.  The Court has done its best to parse out Mr. Baker's claims, and the facts that he alleges support those claims.  To the extent Mr. Baker intended to raise other theories or claims not identified by the Court, the Court finds those theories or claims waived for failure to clearly articulate them.

### F. Discovery Issues

After initiating this lawsuit, Mr. Baker discovered that Aisin and Mr. Lang informed Aisin's "contractor for [FMLA] task matters" to deny Mr. Baker access to FMLA documents, medical records, and doctors' notes in their possession. [Filing No. 19 at 17.] Mr. Baker has requested and been denied any and all FMLA documents and any other material employee and employer policy handbooks to adequately litigate his claims. [Filing No. 19 at 17.]

Mr. Baker has also attempted to request "all FMLA material" from Aisin's third-party administrator for FMLA matters, and received an email from a supervisor named Tammy Seemann stating that Aisin has informed the administrator not to release any FMLA documents or medical documents to Mr. Baker. [Filing No. 19 at 18.] Ms. Seemann advised Mr. Baker that he would have to go through Aisin to receive any FMLA documentation that he seeks. [Filing No. 19 at 18.]

In February 2020, Mr. Baker received a February 6, 2020 letter from Aisin Human Resources Benefits Coordinator Tammy Hall stating that Aisin would not release any documents to former employees absent a subpoena or court order. [Filing No. 19 at 18.] Mr. Baker alleges that Aisin and Mr. Lang have "interfered and [have] prejudiced [his] request for all documents to properly litigate his claims and inspect for any evidence, including any possible fraud on the court and destroying any and all documents for [him]." [Filing No. 19 at 18 (emphasis omitted).]

### III.
### DISCUSSION

The Court addresses each of Mr. Baker's claims, and the arguments set forth by Aisin and Mr. Lang in support of their Motion to Dismiss, in turn below.

### A. Interference Under the FMLA (Count 1)

Aisin and Mr. Lang argue that Mr. Baker's absences for time in jail starting November 8, 2016 were unrelated to his health condition and did not qualify for FMLA protection. [Filing No.

25 at 6-8.] They assert that Mr. Baker is not entitled to FMLA leave for time spent in jail when he was otherwise capable of performing the functions of his position. [Filing No. 25 at 6-8.] Aisin and Mr. Lang argue that Mr. Baker does not claim that his incarceration had anything to do with his serious health condition, or that his condition would have prevented him from working on November 8, 2016 if he had not been "falsely arrested" and detained. [Filing No. 25 at 7-8.] Aisin and Mr. Lang contend that being in jail was the true reason for Mr. Baker's work absence, which does not qualify for FMLA protection. [Filing No. 25 at 7.] Aisin and Mr. Lang argue that because Mr. Baker was not entitled to FMLA leave for the time he spent in jail because it was not related to his ongoing health condition, they could not have interfered with FMLA rights to which Mr. Baker was not entitled. [Filing No. 25 at 8.]

Mr. Baker did not respond to the Motion to Dismiss.

The FMLA entitles eligible employees suffering from a qualifying illness to as much as twelve weeks unpaid leave in a twelve-month period. 29 U.S.C. § 2612(a)(1)(A)-(D). Under the FMLA, it is "unlawful for [an] employer to interfere with, restrain, or deny" an employee's "exercise of or … attempt to exercise [] any right provided under" the Act. 29 U.S.C. § 2615(a)(1). To prove an FMLA interference claim, Mr. Baker must establish that: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to take leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied [or interfered with]… FMLA benefits to which he was entitled." *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 816 (7th Cir. 2015) (quoting *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 635-36 (7th Cir. 2009) (internal quotation marks omitted)).

Here, there is no dispute that Mr. Baker was an eligible employee and that Aisin was covered by the FMLA. At issue is whether Mr. Baker has adequately alleged that he was entitled

7

to FMLA leave while he was in jail, that he gave sufficient notice, and that Aisin and Mr. Lang interfered with his rights under the FMLA. [*See* Filing No. 19 at 12-13; Filing No. 25 at 7.]

Regarding entitlement to FMLA benefits, Aisin and Mr. Lang argue that Mr. Baker was not entitled to FMLA benefits because he was in jail and that Mr. Baker's "own allegations demonstrate his absences had nothing to do with his underlying serious health condition." [Filing No. 25 at 7.] However, Mr. Baker alleges that Aisin approved his FMLA leave through mid-December 2016, and that he was going to try to return to work on November 8, 2016, but that there was a chance he would not be able to as he had switched medications and was concerned he would be a safety risk due to the medication. [Filing No. 19 at 6.] Mr. Baker also alleges that Aisin did not request any further certifications from him for FMLA leave through mid-December 2016. Mr. Baker's presence in jail from November 8 through November 10, 2016 does not necessarily render him ineligible for FMLA benefits, so long as he was entitled to FMLA leave during that period in the first instance. *See, e.g.*, *Gurley v. Ameriwood Indus.*, 232 F. Supp.2d 969, 975-76 (E.D. Mo. 2002) ("[Defendant] argues that the two days [plaintiff] spent in jail cannot be counted as FMLA leave…. The Court finds this argument unpersuasive. If, in fact, [plaintiff] had a 'serious medical condition' on the two days in question, the fact that she was arrested on outstanding warrants and incarcerated for those two days would not negate her entitlement to FMLA leave"). While Aisin and Mr. Lang may ultimately be able to defeat this claim by showing that Mr. Baker did not use his FMLA leave for its intended purpose, *Scruggs v. Carrier Corp.*, 688 F.3d 821, 825 (7th Cir. 2012), the Court can only consider Mr. Baker's allegations at the dismissal stage and must take


those allegations as true. The Court finds that Mr. Baker has adequately alleged that he was entitled to FMLA benefits through mid-December 2016.[2]

With regard to notice, Mr. Baker alleges that he notified Mr. Lang verbally, in person, that he intended to return to work on November 8, 2016, barring any complications from his health condition, but that if he was unable to do so he would be out the remainder of his FMLA leave until mid-December 2016. [Filing No. 19 at 7.] Mr. Baker alleges that his girlfriend notified Mr. Lang on November 8, 9, and 10, 2016 that Mr. Baker would not be at work and would be taking the rest of his FMLA leave due to his ongoing medical condition, [Filing No. 19 at 7], and Mr. Lang told Mr. Baker's girlfriend that he "would still have his job" and "to keep [him] posted." [Filing No. 19 at 8]. The Court finds that these allegations are sufficient to allege that Mr. Baker gave Aisin and Mr. Lang sufficient notice that he intended to take FMLA leave until mid-December 2016.[3]

Finally, Mr. Baker adequately alleges that Aisin and Mr. Lang denied him FMLA benefits to which he was entitled by terminating his employment with Aisin. [Filing No. 19 at 12-13.]

---

[2] Aisin and Mr. Lang assert that Mr. Baker does not allege that "his serious health condition would have otherwise prevented him from working on November 8, 2016, if he had not been detained." [Filing No. 25 at 8.] But Mr. Baker does allege that he was concerned he would be a safety risk due to the new medication he was taking, and that he had informed Aisin and Mr. Lang that this might prevent him from returning to work on November 8, 2016. [Filing No. 19 at 7.] This is sufficient at the motion to dismiss stage to allege that he was entitled to FMLA leave on that date.

[3] Additionally, even if Mr. Baker's notice was not sufficient, compliance with Aisin's notice policy may have been excused given that Mr. Baker was in jail. *See* 29 C.F.R. § 825.302(d) ("An employer may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances"); *Flores v. Murphy Co.*, 2014 WL 584553, at *6 (D. Or. 2014) (plaintiff who was in jail during FMLA leave submitted sufficient evidence to show that he was not obligated to comply with employer's notice policy pursuant to 29 C.F.R. § 825.302(d), due to the "unusual circumstance" of being incarcerated).

In sum, the Court must take Mr. Baker's allegations as true at the motion to dismiss stage, and it finds that Mr. Baker has adequately alleged an FMLA interference claim in Count 1 related to his inability to take his remaining five weeks of FMLA leave due to his termination. Aisin and Mr. Lang's Motion to Dismiss Count 1 is **DENIED**.

### B. Retaliation and Discrimination Under the FMLA (Count 2)

In support of their Motion to Dismiss, Aisin and Mr. Lang argue that Mr. Baker was not entitled to FMLA benefits to cover unauthorized absences resulting from his incarceration and, because he "could never have received FMLA leave for the period he was in jail," his request for FMLA leave was not protected activity. [Filing No. 25 at 8-9.]

The FMLA prohibits employers from discharging or otherwise discriminating against employees for exercising or attempting to exercise FMLA rights. 29 U.S.C. § 2615(a)(2),(b). Unlike an interference claim, a claim of retaliation requires a showing of discriminatory or retaliatory intent. See Kauffman v. Federal Express Corp., 426 F.3d 880, 884-85 (7th Cir. 2005); Goezler v. Sheboygan Cnty., Wis., 604 F.3d 987, 995 (7th Cir. 2010). In asserting a retaliation claim under the FMLA, a plaintiff may proceed under the direct or indirect methods of proof. Makowski v. SmithAmundsen LLC, 662 F.3d 818, 823-24 (7th Cir. 2011). A plaintiff can state a claim under the direct method by alleging that: (1) he exercised or attempted to exercise rights protetected by the FMLA; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and rights protected by the FMLA. Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 670 (7th Cir 2011). Under the indirect method, a plaintiff can state a claim for FMLA retaliation by alleging that he was treated less favorably than other similarly situated employees who did not take FMLA leave, even though he was performing his job in a satisfactory manner. Burnett v. LFW Inc., 472 F.3d 471, 477 (7th Cir. 2006).

Taking Mr. Baker's allegations in the Third Amended Complaint as true, as it must at the motion to dismiss stage, the Court finds that Mr. Baker has sufficiently alleged an FMLA retaliation/discrimination claim. As discussed above in connection with his FMLA interference claim, Mr. Baker has adequately alleged that he was entitled to take FMLA leave and was attempting to exercise that right. He has also adequately alleged that Aisin took an adverse employment action against him by terminating him. Finally, he alleges that his attempt to take FMLA leave, or his exercise of that leave before his arrest, was the cause of his termination. Aisin's and Mr. Lang's Motion to Dismiss Count 2 of the Third Amended Complaint is **DENIED**.

### C. Willful Interference and/or Retaliation: Employer's Call-in Policy (Count 3)

As to Mr. Baker's third claim, Aisin and Mr. Lang argue that it is duplicative of his first and second claims and that, in any event, it fails as a matter of law. [Filing No. 25 at 10-12.] Aisin and Mr. Lang reiterate their argument that Mr. Baker cannot establish an entitlement to FMLA benefits because incarceration unrelated to a health condition does not qualify for FMLA leave. [Filing No. 25 at 11.] They argue that, because Mr. Baker cannot plausibly use FMLA benefits to excuse absences incurred solely as a result of his legal troubles, they did not have to provide Mr. Baker with an opportunity to submit an updated FMLA certification to receive the balance of his leave. [Filing No. 25 at 11.] Regarding notice, Aisin and Mr. Lang argue that Mr. Baker's claim of unusual circumstances preventing his adherence to Aisin's call-in policies duplicates arguments in Counts 1 and 2 and does not state a claim upon which relief can be granted. [Filing No. 25 at 10-12.]

The Court finds that Count 3 is duplicative of Mr. Baker's FMLA interference and retaliation/discrimination claims. While Mr. Baker points to allegations regarding the notice he gave for his FMLA leave, whether he was given an opportunity to provide a recertification, and

whether he was able to comply with Aisin's call-in policy while he was in jail, these are really just additional allegations to support the claims he asserts in Counts 1 and 2. For example, Mr. Baker's allegation that Aisin never asked for a recertification may be relevant to whether he was entitled to FMLA leave until mid-December 2016 in the first place. Similarly, his allegations that he had provided Mr. Lang with notice of the possibility that he would take FMLA leave through mid-December 2016 and that he was unable to comply with Aisin's call-in policy are simply additional allegations that support his interference and retaliation/discrimination claims asserted in Counts 1 and 2. Accordingly, the Court **GRANTS** Aisin's and Mr. Lang's Motion to Dismiss as to Count 3 because it is duplicative of Counts 1 and 2, but notes that Mr. Baker may rely on the allegations he sets forth in Count 3 in support of Counts 1 and 2.

### D. Willful Interference and/or Retaliation:  Refusal to Rehire (Count 4)

In support of their Motion to Dismiss, Aisin and Mr. Lang set forth the same arguments that they asserted in connection with Count 2. They argue that Mr. Baker attempted to use his FMLA benefits to cover unauthorized absences resulting from his incarceration, that he failed to exercise rights protected by the FMLA, and that he is not entitled to FMLA leave for time spent in jail. [Filing No. 25 at 8-10.]

As with Mr. Baker's duplicative third claim for FMLA interference, Mr. Baker again sets forth a duplicative claim in Count 4. Specifically, he alleges in Count 4 that Aisin and Mr. Lang retaliated against him or discriminated against him for exercising his rights under the FMLA by failing to rehire him after his termination. Aisin's failure to rehire him is yet another allegation that he contends supports his FMLA retaliation/discrimination claim, and need not be set forth as a separate claim. The Court **GRANTS** Aisin's and Mr. Lang's Motion to Dismiss Count 4 as

duplicative of Count 2, but Count 2 for FMLA retaliation/discrimination is deemed to include Mr. Baker's allegations surrounding Aisin's decision not to rehire him.

### E. FMLA Interference and Retaliation: Inability to Obtain Documents (Count 5)

Finally, Aisin and Mr. Lang argue that Mr. Baker fails to state a cognizable claim in Count 5 because the FMLA does not provide an avenue for relief for obtaining documents to prosecute Mr. Baker's lawsuit. [Filing No. 25 at 12.] Aisin and Mr. Lang argue that relief for obtaining discovery documents is not a viable cause of action under the FMLA and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). [Filing No. 25 at 12.] Aisin and Mr. Lang argue that although Federal Rules of Civil Procedure 34 and 37 provide avenues for obtaining documents, Mr. Baker cannot plausibly allege a violation of the FMLA due to discovery abuses because discovery has not yet commenced. [Filing No. 25 at 12.]

It is not clear whether Mr. Baker is alleging that Aisin thwarted his attempts to obtain documents before the lawsuit, which interfered with his ability to exercise his rights under the FMLA and constituted retaliation or discrimination under the FMLA, or whether Aisin refused to provide him with documents after he filed this lawsuit, which is interfering with his ability to pursue his claims and constitutes retaliation or discrimination. In the interest of thoroughness, the Court assumes that Mr. Baker intends to allege both.

First, to the extent Mr. Baker is alleging that Aisin prevented him from obtaining documents that he needed in order to exercise his rights under the FMLA before he filed the lawsuit, the Court finds that this is an allegation on which he can rely in support of his FMLA interference and retaliation/discrimination claims.

Second, if Mr. Baker is alleging that Aisin withheld documents after Mr. Baker filed the lawsuit, he is essentially seeking relief for the violation of procedural rules governing discovery.

13

There is no cause of action for violating the Federal Rules of Civil Procedure. Rather, if Mr. Baker believes that Aisin has violated procedural rules by failing to produce documents, he may file a Motion to Compel.

The Court **GRANTS** Aisin's and Mr. Lang's Motion to Dismiss Count 5. To the extent that Mr. Baker is complaining regarding Aisin thwarting his attempts to obtain documents necessary for him to exercise his rights under the FMLA, Mr. Baker's claim is duplicative of his earlier claims and he may use his allegations to support those claims. To the extent that Mr. Baker is seeking redress for discovery violations committed by Aisin after this lawsuit was initiated, Mr. Baker may file a Motion to Compel.[4]

## IV.
### CONCLUSION

For the foregoing reasons, the Court:

- **DENIES IN PART** the Motion to Dismiss filed by Aisin and Mr. Lang, [24], to the extent that it finds that Mr. Baker has set forth allegations sufficient to support his FMLA interference claim (Count 1) and his FMLA retaliation/discrimination claim (Count 2);

- **GRANTS IN PART** the Motion to Dismiss filed by Aisin and Mr. Lang, [24], to the extent that it finds that Counts 3 and 4 are duplicative of Counts 1 and 2,

---

[4] Aisin Holdings of America, Inc. is also named as a Defendant in this case. The Court noted in a previous Order that "[i]n recent filings, the defendants state that defendant Aisin USA Manufacturing, Inc. has been 'misidentified' as both 'Aisin Holdings of America, Inc. and Aisin USA Manufacturing, Inc.' If the defendants seek to eliminate Aisin Holdings of America, Inc. from this case, they must file an appropriately supported motion seeking that relief." [Filing No. 18 at 1.] Aisin and Mr. Lang acknowledge the Court's direction in their brief in support of their Motion to Dismiss, and state that "Defendants will file an appropriately supported motion if they seek to eliminate any putative party to this lawsuit." [Filing No. 25 at 1.] Now that the Court has ruled on Aisin's and Mr. Lang's Motion to Dismiss, the time to correct the docket has come. Technically, all the claims Mr. Baker sets forth in the Third Amended Complaint remain pending against Aisin Holdings of America, Inc., since that entity did not file a Motion to Dismiss. The Court **ORDERS** Aisin to file any motion seeking to correct the docket, with appropriate support, by **July 24, 2020**.

and Count 5 is either duplicative or fails to state a claim upon which relief can be granted. Counts 3, 4, and 5 are **DISMISSED WITH PREJUDICE**;[5] and

- **ORDERS** Aisin to file any motion seeking to correct the docket, with appropriate support, by **July 24, 2020**.

No partial final judgment shall issue.

Although Counts 1 and 2 will proceed, Mr. Baker is cautioned that the presumption that his allegations are true ends at the motion to dismiss stage of this litigation. In order to succeed on his claims, it will be Mr. Baker's burden to provide evidence supporting each element of those claims. The Court's denial of the Motion to Dismiss should not be interpreted as an indication that Mr. Baker's claims will ultimately succeed – that will depend on the evidence that the parties present. To that end, the Court requests that the Magistrate Judge confer with the parties regarding the possibility of resolving Mr. Baker's remaining claims prior to trial or establish a case management plan to promote the orderly administration of the case.

Date: 7/7/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Lonnie D. Baker
325 South Park Street
Seymour, Indiana 47274

---

[5] Because Counts 3 and 4 are dismissed as duplicative, and Count 5 is dismissed since it is either duplicative or improperly seeks relief for an alleged discovery violation, the Court finds that Mr. Baker cannot amend those claims to remedy those issues. Accordingly, dismissal with prejudice is appropriate. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (dismissal with prejudice is proper "if it is clear that any amendment would be futile").